IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Case No.  CR-1-00-70 |
| vs. | : | JUDGE DLOTT |
| JOHN ALVIN WEST, | : | **EXPEDITED ACTION DOCKET** |
| Defendant. | : | |

**DEFENDANT'S MOTION TO REDUCE SENTENCE,
PURSUANT TO 18 U.S.C. § 3582(c)(2),
IN AN "AGREED DISPOSITION CASE"**

Pursuant to 18 U.S.C. § 3582(c)(2), Defendant John Alvin West, through undersigned counsel, hereby moves this Court for an Order reducing his sentence from 118 months to 94 months based on the retroactive application of the November 1, 2007 crack amendment.

Respectfully submitted,

STEVEN S. NOLDER
FEDERAL PUBLIC DEFENDER


/s/   Steven S. Nolder
_____
Steven S. Nolder   (0037795)
Federal Public Defender
One Columbus
10 West Broad Street, Suite 1020
Columbus, Ohio 43215-3469
(614) 469-2999
Steve_Nolder@fd.org

Attorney for Defendant
John Alvin West

**MEMORANDUM**

At Defendant's original sentencing hearing, his base offense level was 29 given the quantity of crack cocaine for which he was held accountable. Moreover, Defendant's criminal history category was determined to be III. A combination of these two Guideline determinations yielded a sentencing range of 108 to 135 months imprisonment. Defendant was then sentenced to serve 118 months in prison.

On December 11, 2007, the United States Sentencing Commission authorized the retroactive application of Guideline Amendment 706 to all defendants who met certain eligibility criteria. On February 15, 2008, counsel for the government, representatives of the United States Probation Office and undersigned counsel met to consider the merits of Defendant's case. All agreed to recommend to this Court that Defendant met the Commission's eligibility requirements for the retroactive application of the Guideline Amendment 706 to his case.

After the November 1, 2007 crack amendment is retroactively applied to this case, Defendant's base offense level is reduced to 27. This reduction yields a new advisory sentencing range of 87 to 108 months. Finally, the parties jointly recommend that this Court reduce Defendant's sentence to 94 months.

In arriving at this recommended sentence, the parties ascertained the point in the original Guideline range where Defendant was first sentenced as well as the extent of any downward departure due to his substantial assistance, if applicable. Finally, the parties also considered unique facts about both Defendant's case and behavior while incarcerated to conclude that his early release did not present a danger to the safety of the public.

For the reasons articulated herein, Defendant John Alvin West, through undersigned counsel, herein moves this Court for an Order reducing his sentence to 94 months. Defendant has been apprised of this proposed agreed resolution and this motion is submitted with both his knowledge and authorization.

                Respectfully submitted,

                STEVEN S. NOLDER
                FEDERAL PUBLIC DEFENDER


                /s/   Steven S. Nolder
                _____
                Steven S. Nolder  (0037795)
                Federal Public Defender
                One Columbus
                10 West Broad Street, Suite 1020
                Columbus, Ohio 43215-3469
                (614) 469-2999
                Steve_Nolder@fd.org

                Attorney for Defendant
                John Alvin West

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the Motion to Reduce Sentence Pursuant to § 3582(c)(2) was served electronically upon William Hunt, First Assistant United States Attorney, Office of the United States Attorney, 221 E. Fourth St., Suite 400 Cincinnati, Ohio 45202 this 27th day of February, 2008.

                 /s/   Steven S. Nolder
                Steven S. Nolder  (0037795)
                Federal Public Defender

                Attorney for Defendant
                John Alvin West